## [180] WARD v. LATHROP & LATHROP.

Where it appears from the petition that the plaintiff and defendant are both non-residents of the State, and the proceeding is not in rem, as by attachment or otherwise, the defendant cannot be cited by publication.

The plaintiff and defendant were both alleged to be non-residents of the State; it was not alleged that the defendant had any property in the State; there was a waiver of publication by defendant's attorney "to save expense:" Held, That the demurrer to the petition ought to have been sustained on the ground of want of jurisdiction.

Error from Matagorda. The defendants in error filed their petition against Ward, the plaintiff in error, in which they allege that they are citizens of the State of New York; that Ward is indebted to them by certain promissory notes, which are described and set out in the petition, dated at New York. They pray judgment against the defendant for their debt and interest. They then aver that the defendant resides out of the State and beyond the jurisdiction of the court; that he is not an inhabitant of the State, and is absent therefrom; and they pray a writ of attachment and other process. A citation issued, and it was returned that the defendant was a non-resident of the county of Matagorda. There is then an agreement between the counsel for the plaintiffs and Mr. Dennison for the defendant that for the purpose of saving the expense of publication of the citation, it should be waived and considered as served. A

## Cleaveland v. Henderson.

demurrer is then filed to the petition, alleging that it contains no cause of action, and an answer is also filed of general denial of the allegations therein contained. The demurrer was overruled and a verdict and judgment for the plaintiffs in the court below.

*Webb*, for plaintiff in error. The demurrer to the plaintiff's petition ought to have been sustained. It is shown on the [181] face of the petition that the defendant was not "*an inhabitant*" of the State when he was sued. It is not averred that he ever was an inhabitant or resident, and the note shows that the debt was not contracted in the State. The petition therefore presents no case which was within the jurisdiction of the court. (Acts of 1846, p. 363, sec. 1.) The agreement of counsel to accept service explains its object. It was only to avoid the expense of publication. It brings the party into court only as he would have been brought in by publication. It is no waiver of the objection, apparent upon the face of the petition, of a want of jurisdiction. The appearance by attorney, for the purpose of filing the demurrer, is no admission that the party was *rectus in curia*. The demurrer had to be disposed of before any question arising upon the general issue could be noticed. (Acts 1846, p. 371, secs. 32, 33.)

*J. B. Jones*, for defendants in error.

LIPSCOMB, J. The first error assigned, and the only one that will be noticed, is that the court erred in overruling the demurrer. The petition appears to be an anomaly in judicial proceedings, and not in conformity or reconcilable to either the common or statute law of this country. It seem to be an effort to call upon the court, without having either person or property within our jurisdiction, to decide an issue between citizens of another State that could never be of any consequence to either party except on the future contingency of the defendant's hereafter introducing property within our jurisdiction on which the judgment could operate; and could this issue be forced on us, it would be a precedent for exercising jurisdiction on issues sent from any part of the world.

The petition prays for a writ of attachment; what sort of attachment is not disclosed, whether against the person or the property of the defendant. If it is to be taken as a prayer to attach the property of the defendant, it is not supported by the affidavit nor the bond required by our law. If it is to be [182] taken as a proceeding under the eleventh section of the act regulating proceedings in the District Courts, it is unsupported by the affidavit required by that section to authorize the publication of the citation. By referring to the provisions of section eleven we do not wish it to be understood that its true construction would have authorized a publication of citation, so as to give the court jurisdiction in this case; but it is merely referred to for the purpose of showing that whatever its true construction may be, the plaintiff has not brought himself within its provisions. We believe the demurrer ought to have been sustained. The judgment is therefore reversed and the cause remanded.

Judgment reversed.